IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS BALGENORTH, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WIN-TECH, INC., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Thomas Balgenorth ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Win-Tech, Inc., and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Allison Giddens, 8520 Cobb Center Dr., NW, Kennesaw, Georgia 30152.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charge from the EEOC and was issued a "Notice of Right to Sue" on August 5, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff began his employment with Defendant, on or about June 1, 2020, as a machinist.

11.

Plaintiff is a member of a protected class, specifically he is homosexual.

12.

Plaintiff was experiencing issues with his supervisor, Marc Vincent, treating him differently than his heterosexual co-workers.

13.

On or about March 6, 2022, Mr. Vincent berated Plaintiff when he was trying to provide help to one of his co-workers who needed assistance with the machine he operated.

14.

Plaintiff went to the owner of the business, John Hudson, the same day, and explained the situation and issues he was having Mr. Vincent. Mr. Hudson told Plaintiff he did not want him to quit because Plaintiff was such a good worker. Plaintiff explained to Mr. Hudson that he was concerned that Mr. Vincent may be treating him differently because he is homosexual, to which Mr. Hudson responded that he did not know Plaintiff was gay. Plaintiff returned to his workstation. Later, the same day, Mr. Hudson came to Plainitff and terminated his employment claiming he was being let go due to lack of work.

15.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on sex, and/or retaliation for Plaintiff engaging in protected activity.

16.

In terminating Plaintiff's employmenr, Defendant discriminated against Plaintiff, on the basis of sex, and retaliated against him, in violation of Title VII of the Civil Rights Act of 1964, as amended.

17.

As a result of the termination, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII GENDER DISCRIMINATION

18.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19.

Plaintiff is a member of a protected class, i.e., he is a homosexual man.

20.

Title VII prohibits Defendant from discriminating against Plaintiff based on gender.

21.

Defendant violated Plaintiff's rights under Title VII by terminating him due to his protected characteristic. Plaintiff's gender was a determinative factor in Defendant's decision to terminate Plaintiff's employment.

22.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender, in violation of Title VII.

23.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

24.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

25.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

26.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## COUNT II

## TITLE VII RETALIATION

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Plaintiff is a member of a protected class, i.e., he is a homosexual man.

29.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

30.

Plaintiff's complaint and opposition to, inter alia, disparate treatment based on his sexual orientation constitute protected activity under Title VII.

31.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

32.

There was a causal connection between the protected conduct and the adverse action of termination and reduction in work hours.

33.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

35.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorneys' fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

Respectfully submitted, this 29th day of August, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com